# Robert J. & R. Ritchie Company v. Albion Manufacturing Company, Appellant.

*Principal and agent—Broker—Contract—Question for jury.*

In an action to recover damages for loss occasioned by defendant's failure to deliver cotton yarn, a cotton broker testified that he was instructed in advance by defendant to sell cotton yarn at a certain price, on certain terms and to certain people, and that he sold the yarn to plaintiff in accordance with these instructions. He also testified that at the time the cotton was to be delivered, he obtained from plaintiff at defendant's request an extension of time for the delivery of the goods. Defendant claimed that it had never accepted the offer of the broker, and that it was the custom of brokers to consult with their representative before consummating a bargain. The case was submitted to the jury, and the verdict was rendered for plaintiff. *Held*, (1) that the verdict necessarily implied a finding either of antecedent authority in the broker to sell the yarn to plaintiff, or of subsequent approval of the sale by defendant, or possibly the finding of both facts ; (2) that a judgment for plaintiff on the verdict would not be reversed.

Argued Jan. 23, 1896.   Appeal, No. 204, July T., 1895, by defendant, from judgment of C. P. No. 1, Philadelphia County,

June T., 1893, No. 12, on verdict for plaintiff. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ. · Affirmed.

Foreign attachment in assumpsit for breach of contract to
deliver cotton yarn. Before BIDDLE, J.

At the trial plaintiff claimed that in October, 1892, it pur-
chased from defendant, through Leiper Brothers, forty thousand
pounds of cotton yarn at fourteen cents per pound. When the
first installment of the yarn was to be delivered, Leiper Brothers,
at defendant's request, obtained an extension of thirty days for
the delivery of the yarn. At the expiration of the thirty days
another extension was allowed. On or about December 12,
1892, Leiper Brothers notified plaintiff that the defendant would
not make any deliveries of the yarn. At that time the price of
the yarn was seventeen and a half cents a pound. Defendant
was a corporation doing business in North Carolina. Leiper
Brothers were cotton brokers, doing business in Philadelphia.
Charles L. Leiper, one of the firm of Leiper Brothers, testified
that in September he had a conversation with the president of
the Albion Manufacturing Company, and it was agreed that his
firm should have the sale of the product of the defendant's
mill, and that the goods should be sold at fourteen cents per
pound on certain conditions and to certain people.

Defendant claimed that Leiper Brothers were merely brokers
whom it had requested to submit orders, but that it had not
accepted any orders. Defendant also claimed that it was the
custom in the cotton business for brokers to consult with their
representative before consummating a bargain.

Further testimony appears in the charge to the jury.

The court charged as follows :

[This is a transaction between business men who were both
thoroughly conversant, apparently, with the business in which
they were engaged, and it is a business question mainly for you
to decide. There is very little law in it.] [1] [The plaintiff
contends in this case that the agent of the defendant, General
Leiper, came to plaintiff company and sold it a certain amount
of yarn, forty thousand pounds, and that that was to be deliv-
ered at a certain time and at a certain price, and the defendant
failed to deliver this cotton at the time and price agreed upon.

It, therefore, was obliged to go into the market and buy what cotton it wanted at an advanced price—three cents per pound more—and therefore it comes before you and asks that it should be paid that three cents a pound which it lost in consequence of the failure of the defendant to perform his contract.    It alleges that he retained this yarn himself, and sold it or had an opportunity of selling it, at a price in advance of what he agreed to furnish it to plaintiff.] [2]

[Now the defense in this case, as I understand it, is that the defendant never accepted this offer of his agents, and it is contended that it is the custom of brokers to consult with their representative before the bargain is consummated.    In this case the plaintiff answers that by saying that General Leiper, defendant's agent, has testified that he was instructed in advance by Mr. Rhyne to sell these goods at a certain price, on certain terms and to certain people, and that he considered that an authority for him to make these sales, and he went on and did make the sales in consequence of that order of Mr. Rhyne, the defendant.] [3]    [In addition to that it is contended by the plaintiff that defendant virtually accepted and confirmed this sale ; that when he was written to about it he did not repudiate the contract—he did not write to General Leiper so as to revoke the order that he had given and say he could not fill it, and was not able to fill it.    Plaintiff wrote to him apparently to see if it could not get thirty days, and after negotiating with him he agreed to hold off for thirty days, and it is urged upon you that that was a full confirmation of the sale.] [4]    [If a man's agent tells him he has made a sale, and he does not say " I won't accept it," but puts a condition upon its acceptance, and that this condition is accepted by the other side, that confirms the sa'e absolutely, and therefore he has a right to consider that the sale was not only made by the agent but confirmed by the principal. Those are the questions which you will have to decide in this case.] [5]

Verdict and judgment for plaintiff for $1,600.62.    Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*John G. Johnson, Allen H. Gangewer* with him, for appel-
VOL. CLXXIII—29

lant.—The broker is simply a negotiator with no authority to bind the principal except in the manner recognized by the custom of the business : Central Tel. Co. v. Thompson, 112 Pa. 118 ; Sumner v. Stewart, 69 Pa. 321.

In the trial of a cause depending upon the facts in evidence, if the court in their charge to the jury review only those which have a tendency to establish one side of the case it is calculated to mislead the jury, and it is error for which the judgment will be reversed: Parker v. Donaldson, 6 W. & S. 132; Penna. Coal Co. v. Harris, 12 W. N. C. 432.

*Theodore F. Jenkins*, for appellee.

PER CURIAM, February 3, 1896 :

Plaintiff company's right to recover in this case depended on questions of fact, which were properly submitted to the jury, with instructions which appear to be adequate and free from substantial error.    The testimony on which it relied tended to show that Leiper Brothers were employed by defendant company to sell its yarn, and that plaintiff's order for yarn, taken by General Leiper, was either previously authorized by defendant or subsequently ratified by it.    In view of this testimony, and of the instructions under which it was submitted to the jury, their verdict, in favor of the plaintiff, necessarily implies the finding, either of antecedent authority in Leiper to sell the yarn in question to the plaintiff, or of subsequent approval of the sale by defendant, or possibly the finding of both facts.    In either event, the verdict, rendered under proper instructions and based upon sufficient testimony, ought to be conclusive against the defendant.

We find nothing in any of the specifications of error that requires further discussion.    Neither of them is sustained.

Judgment affirmed.